# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Christen G. Stone** |
| | First Name     Middle Name            Last Name |
| Debtor 2 (Spouse, if filing) | First Name     Middle Name            Last Name |
| Case number (If known) | **22-60055-EJC** |

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.  **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a)  This plan:
    - ☑ contains nonstandard provisions. See paragraph 15 below.
    - ☐ does not contain nonstandard provisions.

    (b)  This plan:
    - ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
    - ☑ does not value claim(s) that secures collateral.

    (c)  This plan:
    - ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    - ☐ does not seek to avoid a lien or security interest.

2.  **Plan Payments.**

    (a)  The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**578.00** for the applicable commitment period of:

    ☑ 60 months; or

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $__**897.00**__ monthly on **April 8, 2023**.)

    (b)  The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____% ☐ Debtor 2 ____%

    ☑ Direct to the Trustee for the following reason(s):
    - ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    - ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    _____

    (c)  Additional Payments of $**0.00** (estimated amount) will be made on ____,____ (anticipated date) from  (source, including income tax refunds).

3.  **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Debtor  **Christen G. Stone**                    Case number _____

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|----------|-----------|---------------------------|--------------------------------------------|------------------------------------------------|-------------------------|

**-NONE-**

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|----------|---------------------------|---------------------------|-------------------------------|--------------------------------------------|

**-NONE-**

4.  **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

    (a)  **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

    (b)  **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $4,500.00.

    (c)  **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

    (d)  **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|----------|---------------------------|-----------------|---------------|-----------------|
| **CHECK INTO CASH** | **2014 HONDA CRV** | $13,950.00 | 3.25% | $264.00 |
| **GEORGIA AUTO PAWN, INC** | **2013 HYUNDAI SONATA SE 155,000 miles** | 5,480.00 | 3.25% | 100.00 |

    (e)  **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|----------|---------------------------|-----------------|---------------|-----------------|

**-NONE-**

    (f)  **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|----------|---------------------------|----------------------------|---------------|-----------------|

**-NONE-**

    (g)  **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

        ☐ with interest at ____% per annum; **or** ☐ without interest:

    **None**

    (h)'  **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **100.00**% dividend or a pro rata share of $0.00, whichever is greater.

GASB - Form 113 December 1, 2017

Debtor     __Christen G. Stone__                    Case number  _____

5.    **Executory Contracts.**
      (a)    **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| AARON'S SALES & LEASING | WASHER | Assumed | 164.00 | Debtor |

      (b)    **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6.    **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| GEORGIA AUTO PAWN, INC | 50.00 |

7.    **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8.    **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| 1st Franklin | NPMSI | REAL & PERSONAL PROPERTY |
| 1st Franklin Financial | NPMSI | REAL & PERSONAL PROPERTY |
| OneMain Financial | NPMSI | REAL & PERSONAL PROPERTY |
| Republic Finance | NPMSI | REAL & PERSONAL PROPERTY |
| Security Finance | NPMSI | REAL & PERSONAL PROPERTY |
| World Finance Company | NPMSI | REAL & PERSONAL PROPERTY |

9.    **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10.   **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12.   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes,after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees,

GASB - Form 113 December 1, 2017

Debtor    **Christen G. Stone**                                   Case number _____

expenses, or charges.

14.    **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.    **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

THE DEBTOR(S) AGREE TO INCREASE PLAN PAYMENT, IF NECESSARY, TO COMPLY WITH 11 U.S.C. 1325 AND 1328. ANY FEES, EXPENSES AND CHARGES ASSERTED UNDER FED. R. BANKR. P. 3002(c) ARE NOT TO BE FUNDED THROUGH THE CHAPTER 13 PLAN.  DEBTOR(S) WILL PAY THESE POST-PETITION EXPENSES DIRECTLY TO THEIR MORTGAGE HOLDER/SERVICER UNLESS THE COURT HAS DISALLOWED THEM ON A MOTION FILED UNDER FED. R. BANKR. P. 3002(e).

ALL DEBTS SCHEDULED OR LISTED IN THE BANKRUPTCY FILINGS, WHETHER OR NOT LISTED IN THE PLAN, SHALL BE DISCHARGED UPON COMPLETION OF THE PLAN EXCEPT DEBTS THAT ARE SPECIFICALLY LISTED AS LONG TERM DEBTS BY THE DEBTOR(S) UNDER PARAGRAPH 3 OF THE PLAN OR NON-DISCHARGEABLE STUDENT LOANS.  IN THE EVENT STAY RELIEF IS GRANTED AS TO ANY LONG TERM DEBT, SUCH DEBT SHALL ALSO BE DISCHARGED UPON COMPLETION OF THE PLAN.

ANY SECURED CLAIMS THAT ARE FILED IN THE WITHIN CASE THAT ARE NOT PROVIDED FOR BY THE PLAN WILL BE PAID AFTER ALL ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEY'S FEES, AND ALL PROVIDED FOR SECURED CLAIMS WITH AN INTEREST RATE OF 3.25 PERCENT.

TO THE EXTENT THAT DEBTOR(S) HAS/HAVE STUDENT LOANS, SUCH LOANS WILL NOT BE DISCHARGE IN THE WITHIN CASE INCLUDING ANY INTEREST THAT MAY ACCRUE RELATED TO SAID DEBT.

TO THE EXTENT THE WITHIN PLAN INCLUDES ANY SECURED LIEN ON PERSONAL PROPERTY BEING PAID THROUGH THE CHAPTER 13 PLAN, INCLUDING LIENS ON CAR TITLES, SUCH CREDITOR HOLDING SUCH LIEN SHALL IMMEDIATELY RELEASE SAME, INCLUDING WITHOUT LIMITATION, MARKING ANY LIEN LISTED ON A VEHICLE TITLE AS SATISFIED, AND FORWARD SUCH TITLE OR OTHER EXECUTED LIEN RELEASE TO DEBTOR(S) UPON THE GRANTING OF A DISCHARGE IN THE WITHIN CASE.

TO THE EXTENT ANY CREDITOR FILES A CLAIM IN THE WITHIN CASE, SERVICE PURSUANT TO RULE 7004, TO THE EXTENT SAME MAY BE REQUIRED, SHALL BE DEEMED WAIVED.

ALL CORRESPONDENCE RELATED TO ANY LONG TERM MORTGAGE, DEED TO SECURE DEBT, OR OTHER CLAIM SECURED BY DEBTOR(S) PRINCIPAL RESIDENCE MUST BE COPIED TO DEBTOR(S).  NOTICE SENT C/O TO THE UNDERSIGNED LAWYER WILL BE DEEMED DEFICIENT NOTICE.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.


Dated:    **April 18, 2022**                         **/s/ Christen G. Stone**_____
                                                     **Christen G. Stone**
                                                                    *Debtor 1*


                                                     _____
                                                                    *Debtor 2*

                                                     **/s/ BARBARA B. BRAZIEL**_____
                                                     **BARBARA B. BRAZIEL**
                                                                    *Attorney for the Debtor(s)*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

# United States Bankruptcy Court
## Southern District of Georgia

In re __Christen G. Stone__

Debtor(s)

Case No. __22-60055__

Chapter __13__

## CERTIFICATE OF SERVICE

I hereby certify that on __April 18, 2022,__ a copy of __Amended Chapter 13 Plan and Motion__ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**O. BYRON MEREDITH, III
CHAPTER 13 TRUSTEE
P.O. BOX 10556
SAVANNAH, GA 31412**

Label Matrix for local noticing
113J-6
Case 22-60055-EJC
Southern District of Georgia
Statesboro
Mon Apr 18 08:34:33 EDT 2022

1st Franklin
4019 Augusta Road, Suite 112
Garden City GA 31408-2126

1st Franklin Financial
119 Southeast Highway 80
Pooler GA 31322-2533

1st Franklin Financial Corporation
Attn: Administrative Services
PO Box 880
Toccoa, GA 30577-0880

AARON'S SALES & LEASING
475 NORTHRIDGE DRIVE
Rincon GA 31326-5262

Afni, Inc.
Attn: Bankruptcy
Po Box 3427
Bloomington IL 61702-3427

BANK OF AMERICA
P.O. BOX 15284
Wilmington DE 19850-5284

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barbara B. Braziel
6555 Abercorn Street, Ste. 105
Savannah, GA 31405-5721

CHECK INTO CASH
106 N ZETTEROWER AVE.
STATESBORO, GA 30458-7116

Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City UT 84130-0285

Effingham Dental
6815 Forest Park Dr
Ste 221
Savannah GA 31406-1512

Enhanced Recovery Company
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville FL 32256-7412

(p)GC SERVICES LIMITED PARTNERSHIP
6330 GULFTON
HOUSTON TX 77081-1198

GEORGIA AUTO PAWN, INC
ATTN: BANKRUPTCY DEPT
8601 DUNWOODY PLACE, SUITE 406
Atlanta GA 30350-2550

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Holloway Credit Solutions
Attn: Bankruptcy
Po Box 230609
Montgomery AL 36123-0609

I C System
Attn: Bankruptcy
444 Highway 96 East
Saint Paul MN 55127-2557

INTERNAL REVENUE SERVICE
P.O. BOX 7346
Philadelphia PA 19101-7346

Lanier Collection Agency
Attn: Bankruptcy
18 Park Of Commerce Blvd
Savannah GA 31405-7410

Memorial Savannah
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602-1927

O. Byron Meredith, III
P O Box 10556
Savannah, GA 31412-0756

Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119-3000

ONEMAIN FINANCIAL
115 CANAL STREET
SUITE 101
Pooler GA 31322-4084

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401-3331

PLATINUM PROPERTIES
135 GOSHEN ROAD EXT.
Rincon GA 31326-5568

Pink Dogwood 13, LLC
PO BOX 1931
Burlingame, CA 94011-1931

(p)REPUBLIC FINANCE LLC
282 TOWER RD
PONCHATOULA LA 70454-8318

Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville SC 29603-0497

Security Finance
Attn: Centralized Bankruptcy
Po Box 1893
Spartanburg SC 29304-1893

Christen G. Stone
720 Williams Store Rd
Sylvania, GA 30467-1418

TZA OLIVE, LLC
P.O. BOX 1931
Burlingame CA 94011-1931

(p)U S  ATTORNEY'S OFFICE
P O BOX 8970
SAVANNAH GA 31412-8970

World Finance Company
Attn: Bankruptcy
Po Box 6429
Greenville SC 29606-6429

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

GC Services
Attn: Bankruptcy
6330 Gulfton St. Suite 300
Houston TX 77081

GEORGIA DEPT OF REVENUE
ARCS – BANKRUPTCY
1800 CENTURY BLVD, NE, SUITE 9100
Atlanta GA 30345

Republic Finance
123 Canal St Ste 202
Pooler GA 31322

(d)Republic Finance, LLC
282 Tower Road
Ponchatoula, LA  70454

United States Attorney
P.O. Box 8970
Savannah GA 31412

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33

/s/ BARBARA B. BRAZIEL
BARBARA B. BRAZIEL
BARBARA B. BRAZIEL
6555 ABERCORN ST.
SUITE 105
SAVANNAH, GA 31405
912-351-9000Fax:912-692-0768
ecf@braziellaw.com